SCHOOK v. IRON CIRCUIT JUDGE.

Judgment—Finality—Appeal and Error—Motion to Re-open—Judicature Act—Equity—Transfer from Law Side.

Under the practice existing immediately prior to the date when the judicature act took effect, after a suit for specific performance had been determined in the Supreme Court and a final decree entered dismissing the bill, the cause was disposed of and the defeated party could not secure an order of the circuit court transferring the proceeding to the law side of the court, though the application was filed after the said act took effect. 3 Comp. Laws 1915, § 12351; Act No. 314, Pub. Acts 1915.

Mandaums by Paul Schook against Richard C. Flannigan, circuit judge of Iron county to require respondent to enter an order granting relator's application to transfer an equity suit to the law side of the court, made after final decree in the case of *Schook* v. *Zimmerman,* 188 Mich. 617 (155 N. W. 526). Submitted April 4, 1916. (Calendar No. 27,162.) Writ denied June 1, 1916.

*Fred H. Abbott* (*M. J. Sherwood,* of counsel), for relator.

*M. S. McDonough* and *Charles H. Watson,* for respondent.

On the 21st day of December, 1915, the opinion of this court was filed in the case of *Schook* v. *Zimmerman,* 188 Mich. 617 (155 N. W. 526), and on the same day a decree was entered in accordance therewith dismissing complainant's bill of complaint without prejudice. The conclusion of the court in dismissing the bill was based on the ground that the proofs

"do not show a contract sufficiently certain in essential particulars to permit enforcement of specific perform-

ance by a court of equity, and no alleged grounds which give the chancery court jurisdiction are sustained by proofs."

On January 3, 1916, the records and files in the case, including a certified copy of the decree of this court, were filed in the office of the circuit court of Iron county, having been remitted to that court in accordance with the provisions of section 26, chap. 50, Act No. 314, Pub. Acts 1915, being identical with section 554, 1 Comp. Laws (3 Comp. Laws 1915, § 13761), which reads as follows:

"When an appeal shall have been so heard and determined, the records and files sent from the circuit courts in chancery, together with the proceedings and decree or order of the Supreme Court therein, and all things concerning the same shall be remitted to the circuit court in chancery, for the proper county, when such further proceedings shall be thereupon had as may be necessary to carry such decree or order into effect."

A motion was thereupon filed by the plaintiff in the circuit court in chancery asking that the court transfer the suit to the law side of the court, under the provisions of section 2, chap. 11, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12351), to wit:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

The trial judge who heard the motion denied it, and mandamus is sought by the relator to require the respondent to grant the motion as made by his counsel. In his answer to the order to show cause the respondent gives the following reasons for his action:

"The circuit court for the county of Iron, in chancery, is without jurisdiction to entertain the motion, because: *First,* the cause has not been remanded by the Supreme Court to the circuit court for the county of Iron, in chancery; and, *second,* if the cause has been remanded, it has not been remanded with authority or direction to said circuit court for the county of Iron, in chancery, to take further proceedings therein.

"If it may be said that the case has been remanded to said circuit court for the county of Iron, in chancery, the motion should nevertheless be denied, because the rights of the parties are to be determined according to the practice of the court in force at the time of the entry of the decree of the Supreme Court, dismissing the bill, and not according to the practice of the court which took effect after the case had been finally disposed of."

KUHN, J. (*after stating the facts*). The claim of the relator is based entirely on the provision in the new judicature act (section 2, chap. 11, Act No. 314, Pub. Acts 1915 [3 Comp. Laws 1915, § 12351]), which permits transferring a cause from one side of a court to the other. This act went into effect January 1, 1915, ten days after the decree of this court was entered dismissing the bill. At the time of the decree of this court there was no rule of practice in force in this State which permitted the action here sought to be taken. The decree is plain and definite in its terms, and when it was made dismissing the bill it ended the case. It follows that when the judicature act went into effect the suit here in question was ended, and no longer in existence. In our opinion, the conclusion reached by the trial judge is right, and the writ here sought must therefore be denied, with costs to the respondent.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.