LAKE SUPERIOR BRASS FOUNDRY CO. *v.* HOUGHTON CIRCUIT JUDGE.

1. TRIAL—TRANSFER FROM LAW TO EQUITY—WHEN GRANTED—STATUTES.

Under 3 Comp. Laws 1915, § 12351, providing for the transfer of a cause from the law to the equity side of the court, the order of transfer should only be made when, on the face of the plaintiff's declaration or a consideration of all the proofs, it appears to the trial court that the plaintiff cannot recover as a matter of law in the action as brought.

2. SAME—PLAINTIFF ENTITLED TO JURY TRIAL ON PRIMA FACIE CASE.

The trial court was in error in transferring a cause from the law to the equity side of the court because plaintiff's proofs making out a *prima facie* case were contradicted by defendant's testimony, since plaintiff's right to a jury trial on the preponderance of the evidence under the Constitution (Art. 2, § 13) is in no way affected by said statute.

3. MANDAMUS—TRANSFER FROM LAW TO EQUITY NOT DISCRETIONARY.

The making of an order transferring a cause from the law to the equity side of the court is not discretionary,

but the statute (3 Comp. Laws 1915, § 12351) must be followed, and where an order was erroneously made mandamus will issue to compel its vacation.

Mandamus by the Lake Superior Brass Foundry Company to compel Patrick H. O'Brien, circuit judge of Houghton county, to vacate an order transferring an action at law to the equity side of the court. Submitted January 13, 1920.    (Calendar No. 28,637.) Writ granted February 27, 1920.

*Galbraith & McCormack,* for plaintiff.

*Stone, Wieder & Schulte,* for defendant.

SHARPE, J.  In 1917, the plaintiff commenced a suit against Richard E. Daniell, defendant, upon a promissory note.  Personal service was had.  Under the plea of the general issue a notice was given, stating that the issues involved could only be determined upon an accounting between the parties in equity for the reason that the note was given—

"as the result of a supposed partnership accounting between the said defendant and the said John A. Macauley and in supposed settlement of the accounts between them as copartners under the firm name and style of the Superior Motor Company."

In reply to which special notice plaintiff gave notice that there had been no partnership in existence for upwards of six years prior to July 1, 1918.  The trial began and, after it had proceeded for a time, the attorneys for the defendant moved that the cause be transferred to the equity side of the court.  The trial judge was averse to granting this motion at first, but after counsel stated in substance that the transaction evidenced by the note sued upon was but one item in the partnership accounts of Macauley and Daniell as copartners under the firm name of the Superior

Motor Company, that the note was given to the Superior Brass Foundry, and that the Superior Brass Foundry was John A. Macauley, and consequently that the note was given to John A. Macauley as shown on the face of the note, and by its indorsement, and after Mr. Daniell had been sworn the court made the order transferring the cause from the law side to the equity side of the court. This proceeding is brought to review that order. It involves a construction of section 12351, 3 Comp. Laws 1915, which reads:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

While enacted as a part of the judicature act in 1915, this is the first time it has been before this court for construction. In *Toles* v. *Duplex Power Car Co.*, 202 Mich. 224, Mr. Justice STEERE, in concluding that the plaintiff had an adequate remedy at law for the relief sought in a bill filed in equity, said:

"In view of the provision in section 2, chap. 11, of the judicature act (the section in question), the case is remanded for such further proceedings as may be desired by plaintiff and granted by the trial court, in harmony with the statute and this opinion."

In the annotation to this section in Cummins & Beecher's Judicature Act, it is said that the section corresponds to the new Federal Equity Rule No. 22, adopted by the Supreme Court of the United States in the year 1912. An examination will show that, being an equity rule, it only applies to the transfer from the equity to the law side of the court. It has been many times construed by the Federal courts. The

holding has always been that when the plaintiff's pleading in the suit brought in equity, or the record after the proofs are submitted, shows that, while the plaintiff is not entitled to relief in equity, he has a cause of action at law, the bill should not be dismissed, but a transfer should be ordered to the law side under this rule.   See *Louisiana Agricultural Corp.* v. *Refining Co.,* 168 C. C. A. 168, 256 Fed. 822; *American Falls Milling Co.* v. *Distributing Co.,* 160 C. C. A. 497, 248 Fed. 487; *Fay* v. *Hill,* 161 C. C. A. 389, 249 Fed. 415.

This section, however, provides for the transfer from the law to the equity side of the court at any time it appears that the action on the law side should have been brought in equity.   Applying the reasoning of the Federal courts, the order should only be made when, on the face of the plaintiff's declaration or a consideration of all the proofs, it should appear to the trial court that the plaintiff cannot recover as a matter of law in the action as brought and a verdict must be directed against him.

Applying this construction to the facts before us, we are of the opinion that the trial judge erred in ordering the transfer in this case.   In his return to the order to show cause, he says:

"That evidence was introduced in behalf of plaintiff * * * which, except for the special defense and motion of the attorneys for the defendant and the order of said court made thereon, * * * would have made out * * * a *prima facie* case in favor of said plaintiff."

Though such proofs may have been contradicted by the testimony offered by defendant, the plaintiff was entitled to take the verdict of the jury on the question of the preponderance thereof.

The right of trial by jury is secured to plaintiff by the Constitution of this State.   Article 2, § 13. This

statute in no way attempts to deprive the plaintiff of such right, nor should such a construction be given it as would even tend to work out such a result in violation of the constitutional provision.

The making of such an order is not, in our opinion, discretionary. When the court concludes that plaintiff has failed to make out a case which entitles him to its submission to the jury for the reason that the matters involved are the subject of equitable jurisdiction, the order must be made pursuant to the statute.

The writ of mandamus will issue.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, and BIRD, JJ., concurred. STONE J., did not sit.