VON HOENE *v.* BARBER.

1. Appeal and Error—Motion to Transfer from Equity to Law Side—Interveners' Rights—Statutes.

Where one of the original defendants in a chancery suit joined with interveners in a motion to transfer the case to the law side of the court, under 3 Comp. Laws 1915, § 12351, it is unnecessary, on appeal, to decide whether interveners alone, under the statute allowing them to intervene, could thus question the propriety of the main proceeding (3 Comp. Laws 1915, § 12362).

2. Same—Entire Case Transferred.

Where the transfer was made upon the motion of defendant, it would carry the entire case to the law side of the court.

3. Equity—Transfer to Law Side on Motion of Defendant.

The contention that the transfer of a case from the equity to the law side of the court should be made only upon the application of plaintiff is untenable, since it overlooks the facts that defendant is a party and just as much interested in having the case finally decided as is plaintiff, and that the public has an interest in having its courts freed from the expense of unnecessary litigation. Clark and Sharpe, JJ., dissenting.

4. Same—Jurisdiction—Averments—Sufficiency.

The conclusion of the court below that the averments in a bill for a vendee's lien were insufficient to confer jurisdiction on a court of equity, *held*, justified by the record.

Appeal from Wayne; Wiest (Howard), J., presiding. Submitted April 26, 1921. (Docket No. 53.) Decided October 3, 1921.

Bill by Jenny May Von Hoene and another against William R. Barber and another to enforce a vendee's lien. Edward Griesbach and another were allowed to intervene as subsequent purchasers of the property

involved.    From a decree transferring the cause to the law side of the court, plaintiffs appeal.    Affirmed.

*Rood & Visscher,* for plaintiffs.

*Walter M. Nelson,* for defendants and interveners.

MOORE, J.    This is a chancery proceeding originally commenced against defendants .Barber and Theile. Later the other defendants were allowed to intervene.

On January 12, 1921, the following order of the circuit judge was filed:

"At a session of said court held in the Wayne county building, Detroit, Wayne county, Michigan, on the 6th day of December, 1920.
    "Present, Hon. Howard Wiest, circuit judge.
    "This cause having come on to be heard upon the bill of complaint of the plaintiffs, the answer of the defendants, the petition by way of interventions of Edward and Adela Griesbach, and the answer thereto of the plaintiffs, and the court having examined the contract admitted by all parties to have been executed with reference to the subject-matter, and the court having heard the statements of counsel for the respective parties to this cause, examined their briefs and being informed in the premises,
    "It is adjudged and decreed that the plaintiffs in this cause have no vendee's lien upon the property in the bill of complaint described as follows:    Lot No. 465, St. Clair Park subdivision of the city of Detroit, county of Wayne and State of Michigan, and known as Nos. 615 and 617 Emerson avenue.    And the claim of the plaintiffs to a lien thereupon is wholly disallowed.
    "It is further adjudged and decreed that in the bill of complaint of the plaintiffs and their answer to the petition of the interveners, and in the pleadings, there is no averment or averments which confer upon this court any chancery jurisdiction, and in accordance with the statute in such case made and provided, said cause may be, and the same hereby is, forthwith transferred from the chancery to the law side of this court,

there to be proceeded with, after such alteration in the pleadings as shall be essential, as though the original chancery cause had been set for trial and proceeded to trial after an adjournment to allow necessary amendments.

"It is further ordered that on or before January 25, 1921, the plaintiffs shall make such changes in the bill of complaint as they shall deem necessary to constitute a declaration against such of the defendants as they desire to sue upon the law side of this court, and that within five days of the service of such a declaration upon said defendants, or their respective attorneys, they shall respectively plead thereto."

The case is brought here by appeal.

The claim of appellants is stated as follows in the brief of counsel:

"To recapitulate our argument, we ask that the decree of the court below be reversed and the case set for hearing, and the petition of the interveners be dismissed:

"(1) Because the interveners have no standing either by common law nor under our statute.

"(2) Because if entitled to remain in court they cannot be heard to object to the propriety of this proceeding.

"(3) Because the plaintiff's case is one in which they are entitled to equitable relief, and can have adequate redress only in a court of chancery."

Group one and two may be considered together. The lower court was evidently of the opinion that the order of intervention was authorized by the following:

"In an action either at law, or in equity, any one claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." 3 Comp. Laws 1915, § 12362.

Counsel now say that the intervener cannot question the propriety of the main proceeding. The order allowing intervention was made November 13, 1920.

No motion was made to transfer the case to the law side of the court until December 6, 1920. This motion was made not only by the interveners but was also made by defendant Barbara Theile. It is unnecessary to decide whether the motion to transfer the case could be made by the interveners alone because one of the original defendants made the motion also.

The section of the statute involved is section 12351, 3 Comp. Laws 1915, which reads in part:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court   *   *   *   it shall be forthwith transferred to the proper side."   *   *   *

If the transfer was properly made upon the motion of defendant Theile,—as we think it was—it would carry the entire case to the law side of the court.

It is urged that the transfer should be made only upon the application of the plaintiff. This contention overlooks the fact that when a defendant is a party to a litigation he is just as much interested in having it finally decided as is the plaintiff. The contention also overlooks the interest the public has in having its courts freed from the necessity and expense of two or more lawsuits, when one will answer every purpose. The language of the statute is broad enough to safeguard the rights of all parties interested in the litigation. The language is clear, explicit and unambiguous and should be given effect. *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich. 380; *Courtney* v. *Youngs,* 202 Mich. 384.

Can the plaintiff have adequate redress only in a court of chancery? It has already appeared that the trial court was of the opinion that there was no averment or averments in the pleadings which would confer upon the court chancery jurisdiction. The bill of complaint is not contained in the record. There does appear therein what purports to be an abstract there-

of. Shorn of its legal verbiage it is stated that defendant Theile employed defendant Barber to sell certain real estate in Detroit; we quote:

"To induce the plaintiffs to purchase said premises, represented to the plaintiff Jenny Von Hoene, on November 13, 1919, that he was so employed, that the two-family flat on the said premises was what is known as solid brick as distinguished from brick veneer, well knowing that the plaintiffs desired only to purchase a solid brick; that the plaintiffs relied upon these representations, were induced thereby to agree to purchase, and paid the said Barber $500 on the purchase price, and that the said building was a brick veneer and not a solid brick building, whereby the plaintiffs were defrauded, and prayed that the defendants answer come to account with the plaintiffs; that the plaintiffs be decreed to have a vendee's lien for the amount so paid, their damages and costs, and have execution therefor, and for general relief, attaching a copy of the preliminary contract as an exhibit."

It is not made to appear that plaintiffs have not a complete and adequate remedy at law, nor is it averred that defendants Barber and Theile are not abundantly able to pay any judgment that plaintiffs may obtain against them.

The order of the trial judge is affirmed, with costs.

STEERE, C. J., and FELLOWS, STONE, and BIRD, JJ., concurred with MOORE, J. WIEST, J., did not sit.

SHARPE, J. (*dissenting*). I concur with Mr. Justice MOORE in holding that there are no sufficient allegations in the bill of complaint to confer jurisdiction on a court of equity. See *Detroit Trust Co.* v. *National Bank,* 155 Mich. 61; *Laubengayer* v. *Rohde,* 167 Mich. 605. I do not think, however, that the trial court had any power or authority to make the order transferring the cause to the law side of the court against the objection of the plaintiffs. The statute providing for

such transfers (3 Comp. Laws 1915, § 12351) reads as follows:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

This is a new section added to our practice laws by the judicature act (chap. 11, § 2, Act No. 314, Pub. Acts 1915). The bill as introduced in the legislature was prepared by a commission of eminent attorneys appointed by the governor pursuant to the provisions of Act No. 286, Pub. Acts 1913. In referring to this section in their report, the commission said:

"We propose that actions that have been brought on the wrong side of the court may be transferred to the right side and be proceeded with instead of being dismissed, thus rendering the beginning of a new action unnecessary."

In the commentary on the changes in practice made by this act, prepared by Mr. A. M. Cummins, a member of the commission, published as part one of Cummins & Beecher's Edition of the act, in referring to this section, it is said:

"If the plaintiff mistake his remedy and brings suit at law when he should have sued in equity or *vice versa,* the suit need not fail, but shall be transferred to the proper side and be there proceeded with, there being only such alterations in the pleadings as shall be essential."

This section has been referred to in the following decisions of this court: *Schook* v. *Iron Circuit Judge,* 192 Mich. 103; *Flint* v. *Le Heup,* 199 Mich. 41; *Toles* v. *Duplex Power Car Co.,* 202 Mich. 224; *Courtney* v. *Youngs,* 202 Mich. 384; *City of Iron Mountain* v.

·Waterworks, 206 Mich. 537; Lake Superior Brass Foundry Co. v. Houghton Circuit Judge, 209 Mich. 380. In the Toles Case an appeal was taken from a decree dismissing plaintiff's bill. This was affirmed by this court. The opinion concluded:

"In view of the provision in section 2, chap. 11, of the judicature act * * * the case is remanded for such further proceedings as may be desired by plaintiff and granted by the trial court, in harmony with the statute and this opinion."

In the Iron Mountain Case it was said:

"The chancery decree appealed from will therefore be set aside, with costs to defendant, and the case remanded to the trial court for transfer to the proper side under authority of section 12351, 3 Comp. Laws 1915, if requested, with such further proceedings as parties may desire and the court determine."

The italics in both quotations are mine. The opinions were written by the present Chief Justice and suggest, if they do not decide, that the order of transfer shall be made, only, if asked for by the plaintiff. In the Foundry Company Case we held that a trial court should not transfer a law case to the chancery side of the court, against the objection of plaintiff, when, under its proofs, a case had been made out for submission to the jury.

The question now presented is, May the trial court on his own initiative or on motion of a defendant, when satisfied that the plaintiff has not, by his bill of complaint or his proofs, made out a case for equitable relief, over the protest and objection of the plaintiff, transfer the cause to the law side of the court? I am of the opinion that the statute should not be so construed. It is true that it does not in express terms state that the order shall be made on the application of the plaintiff, but I am persuaded that this was the legislative intent. The purpose of the statute is ap-

parent. It enables a plaintiff who has mistaken his remedy to seek the aid of the other side of the court without beginning another action. It frequently happens that an attorney is in grave doubt as to the proper proceeding to be brought to secure the relief he seeks for his client. He finally decides and files a bill in equity. The trial court disagrees with him, holding that his remedy is an action at law. Is not the plaintiff entitled to have his bill dismissed and take the judgment of this court by appeal? By an order of transfer, the plaintiff must try his case in a court which in his opinion has no jurisdiction to hear it. The more orderly procedure, and that which I think was contemplated in the enactment of the statute, is to permit the plaintiff to stand on his case as made. From the resulting directed verdict and judgment entered thereon or decree dismissing his bill, he may secure a review in this court.

While, as before stated, the act does not in express language provide that the transfer must be made on the application of the plaintiff, I think no violence is done to the generally accepted rules of interpretation and construction of statutes in so holding. The general scope and purpose of the section must be considered, and the legislative intent obtained therefrom. The rule is thus stated in Endlich on Interpretation of Statutes, § 295:

"Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it which modifies the meaning of the words, and even the structure of the sentence. This is done sometimes by giving an unusual meaning to particular words; sometimes by altering their collocation; or by rejecting them altogether; or by interpolating other words; under the

influence, no doubt, of an irresistible conviction * * * that the modifications thus made are mere corrections of careless language, and really give the true intention."

This language is quoted approvingly in *Attorney General* v. *Railway*, 210 Mich. 227, 254, as is also the following from the opinion of Chief Justice Shaw in *Commonwealth* v. *Kimball*, 24 Pick. (Mass.) 366, 370:

"When the words are not precise and clear, such construction will be adopted as shall appear most reasonable and best suited to accomplish the objects of the statute; and where any particular construction would lead to an absurd consequence, it will be presumed that some exception or qualification was intended by the legislature to avoid such conclusion."

The following from the opinion of Chief Justice CHRISTIANCY in *Whipple* v. *Saginaw Circuit Judge*, 26 Mich. 342, is also instructive:

"But the primary object of all interpretation or construction of statutes, is, to ascertain the real intention of the legislature; and no specific or artificial rules of interpretation can be of any value, which do not contribute to this end."

The order made should be set aside and the case remanded for such further proceedings as may be taken by plaintiff not inconsistent with this opinion. In view of the fact that the order was made at the suggestion of the trial court and that this reversal involves a question of practice, no costs should be allowed.

CLARK, J., concurred with SHARPE, J.