OTSEGO SANITARY MILK PRODUCTS CO. *v.* ALLEGAN
CIRCUIT JUDGE.

1. ASSUMPSIT — LAW COURT NOT DEPRIVED OF JURISDICTION BE-
CAUSE NUMEROUS ITEMS INVOLVED—REFERENCE.
   The law court is not deprived of jurisdiction, in an action
   of assumpsit for services performed and money advanced,
   by reason of the fact that the items are numerous, but
   the case may be one for a referee under 3 Comp. Laws
   1915, § 12639 *et seq.*[1]

2. TRIAL — TRANSFER FROM LAW TO EQUITY — WHEN TRANSFER
PROPER—STATUTES.
   Under 3 Comp. Laws 1915, § 12351, authorizing the trans-
   fer of a case from the law side to the equity side of the
   court, said transfer should be ordered only when, on the
   face of the plaintiff's declaration or a consideration of
   all of the proofs, it appears to the trial court that the
   plaintiff cannot recover and a verdict must be directed
   against him.[2]

3. SAME—TRANSFER NOT JUSTIFIED WHERE ONLY MONEY JUDGMENT
SOUGHT—STATUTES.
   Where, in an action of assumpsit for services and money
   advanced, the defendant set up a counterclaim for mis-
   appropriation of funds, but the only relief sought by either
   party was a money judgment or decree, the trial court
   was in error in transferring the case to the equity side of
   the court under 3 Comp. Laws 1915, § 12351.[3]

4. SAME—CONSTITUTIONAL LAW—TRIAL BY JURY CONSTITUTIONAL
RIGHT.
   The right of trial by jury is a constitutional one (Art.
   2, § 13), of which a party may not be deprived.[4]

5. PARTIES — PARTY AGAINST WHOM NO RELIEF COULD BE HAD
IMPROPERLY JOINED BY COURT ORDER—STATUTES.
   Where, in an action of assumpsit against a corporation
   for services and money advanced, the president of the

[1]Courts, 15 C. J. § 35; [2]Trial, 38 Cyc. p. 1292; [3]Id., 38 Cyc. p.
1292; [4]Juries, 35 C. J. § 13.

corporation was not made a party and it is conceded that no affirmative relief was asked or could be had against him, an order of the trial court making him a party under 3 Comp. Laws 1915, § 12364, is not justified, and should be vacated.[5]

Mandamus by the Otsego Sanitary Milk Products Company and another to compel Orien S. Cross, circuit judge of Allegan county, to vacate an order transferring a law case to the equity side of the court. Submitted January 5, 1926. (Calendar No. 32,202.) Writ granted March 20, 1926.

*W. J. Barnard,* for plaintiffs.

*Clare E. Hoffman* (*Ed. J. Anderson,* of counsel), for defendant.

FELLOWS, J. Plaintiff Otsego Sanitary Milk Products Company is a corporation and successor to a voluntary association of farmers. Plaintiff Barnard is its president and was president of its predecessor. Marvin C. Haight was formerly secretary of plaintiff company and its predecessor. He brought an action in assumpsit in the Allegan circuit court against the company to recover for services performed and money expended by him and for services performed by his wife which latter claim was assigned to him. The company in its defense and by way of counterclaim set up that Haight has misappropriated funds of the company. On petition of Haight preliminary to trial the case was transferred to the equity side of the court and Barnard was made a defendant. This proceeding seeks to compel the vacation of such order.

1. The only relief sought by either party in the original case is a money judgment or decree. It is said by one of the parties that the number of items involved approximates 3,000 and by the other that

---
[5]Pleading, 31 Cyc. pp. 470, 479 (Anno).

the number does not exceed 50.   The case may be one for a referee under 3 Comp. Laws 1915, § 12639 *et seq.,* but the fact that the items are numerous does not deprive a court of law of jurisdiction.   Indeed, the most that is claimed by the present defendant is that the jurisdiction of the law and equity courts is concurrent.   The provision of the judicature act relied upon is section 12351, 3 Comp. Laws 1915, which reads as follows:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

This statute has been before this court on numerous occasions.   Among the cases see *Flint* v. *LeHeup,* 199 Mich. 41; *Toles* v. *Duplex Power Car Co.,* 202 Mich. 224; *Courtney* v. *Youngs,* 202 Mich. 384; *City of Iron Mountain* v. *Iron Mountain Waterworks,* 206 Mich. 537; *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich. 380; *French* v. *Mulholland,* 218 Mich. 248; *Banks* v. *Wayne Circuit Judge,* 221 Mich. 147; *Koontz* v. *Bay Circuit Judge,* 224 Mich. 463.   We need examine but one of these cases to determine that the order of transfer was erroneous.   In *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge, supra,* an action in assumpsit was brought on a promissory note.   The defense insisted that the note sued upon was but one item of partnership accounts, and that an accounting should be had on the chancery side and on motion of defendant, made upon the trial, an order of transfer was made.   Reviewing this order on mandamus, Mr. Justice SHARPE, who wrote for the court, pointed out

that the statute corresponded with the Federal Equity Rule No. 22, considered the Federal holdings and said:

"This section, however, provides for the transfer from the law to the equity side of the court at any time it appears that the action on the law side should have been brought in equity.    Applying the reasoning of the Federal courts, the order should only be made when, on the face of the plaintiff's declaration or a consideration of all the proofs, it should appear to the trial court that the plaintiff cannot recover and a verdict must be directed against him.    *    *    *

"The right of trial by jury is secured to plaintiff by the Constitution of this State.    Article 2, § 13. This statute in no way attempts to deprive the plaintiff of such right, nor should such a construction be given it as would even tend to work out such a result in violation of the constitutional provision."

2. There is no intimation in any of the pleadings that Mr. Barnard is in any way indebted to the plaintiff in the original suit.    In the court below, and on the argument of the instant case in this court, it was conceded that no affirmative relief was asked or could be had against him.    No process has been served upon him.    *People* v. *Detroit Mortgage Corporation*, 228 Mich. 91.    The order making him a party is claimed to be justified by section 12364, 3 Comp. Laws 1915, which reads as follows:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties.    New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

Manifestly this statute was not designed to permit the bringing in of unnecessary parties as defendants against whom the plaintiff has no cause of action either real or apparent, and who have no interest in the outcome and against whom no relief is asked or could be granted.    Under the concession of counsel, it would

be the duty of the court to enter an order that the case be "dropped" as to Barnard had he been made a party in the original summons.   Under these circumstances we think the order making him a party should be vacated.   In *Bowers* v. *Gates,* 201 Mich. 146, the plaintiff had brought suit against Gates for malpractice and had joined with him as defendant the surety company, which had issued to him a "physician's liability policy."   The declaration did not allege any tort committed by the surety company or any privity between it and the plaintiff.   The trial court refused to dismiss the case.   This court, reviewing the order on certiorari, held that neither the statute here under consideration or Circuit Court Rule No. 43, § 3, authorized the continuance of the suit against the surety company and reversed the order made below. Upon the record Mr. Barnard is neither a necessary or proper party, and the order bringing him in must be vacated.

The writ will be granted with costs to the plaintiffs in the instant case against the plaintiff in the original suit.

SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.  BIRD, C. J., did not sit.