BOYD v. MONROE CIRCUIT JUDGE.

TRIAL—TRANSFER OF ACTION TO CHANCERY SIDE OF COURT.
Order transferring action at law to chancery side of court, *held*, erroneous under 3 Comp. Laws 1915, § 12351.

Mandamus by Samuel Boyd and another to compel Jesse H. Root, Monroe circuit judge, to vacate an order transferring a case from the law to the chancery side of the court. Submitted June 11, 1929. (Calendar No. 34,430.) Writ granted July 8, 1929.

*Wood & Rathbun,* for plaintiffs.

*William F. Haas* and *Baldwin & Alexander,* for defendant.

POTTER, J. Plaintiffs were the owners of a farm of 215 acres in Monroe county which was sold on mortgage foreclosure sale. They applied to the State bank of Petersburg for a loan. The bank took a deed of the farm and a note of $5,900 dated April 10, 1928, due on or before six months after date, signed by the plaintiffs and by T. J. Irelan and Fern M. Irelan, his wife. Irelan was a son-in-law of plaintiffs. The note contained provisions as follows:

"Having deposited and pledged with said bank as collateral security for the payment of this note, and any other indebtedness due, or to become due, from me to said bank, or its assigns deed to farm of 215 acres in Dundee and Ida Twps. Monroe Co., Michigan; if redeemed, signers to take title as it stands at this date by quitclaim deed.

"I hereby authorize the sale of said security at public or private sale, or otherwise, and with or without notice, on the nonperformance of this promise, and the said bank may become the purchaser thereof; and it is hereby agreed that if said security, in the opinion of said bank, shall depreciate in value, said bank may elect without notice that this obligation is due and payable on demand.

"It is further agreed, that said bank shall have the right to hold and apply, at any time, its own indebtedness or liability to the makers hereof, as security for the payment of any liability due or to become due from the makers hereof."

After the execution of this note, the title to the real estate standing in the name of the bank by deed, it traded the property for a hardware store in Attica, Ohio. In order to consummate this trade, the

bank advanced $5,000 in addition to the amount of the note. The hardware stock was then sold and the bank repaid the sum of $10,900. A dispute arose between plaintiffs and defendant, and plaintiffs sued the bank in assumpsit. The bank entered its appearance and filed an application to have the case transferred from the law to the chancery side of the court. Upon a consideration of the application, the court entered an order transferring the cause and giving the parties the right to make any and all amendments to the pleadings necessary to carry out the order. Plaintiffs ask for mandamus to compel the circuit judge to set aside the order transferring the case. The sole question in the case is whether or not the court was justified in making the order complained of.

This court has considered the applicable statute, 3 Comp. Laws 1915, § 12351, many times, and we think this case governed by *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich. 380, and *Otsego Sanitary Milk Products Co.* v. *Allegan Circuit Judge,* 234 Mich. 277.

The writ will issue as prayed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.