KUBERSKI *v.* PANFIL.

1. CALENDAR—TRANSFER OF CAUSES—STATUTES.
    The power of a court to transfer a cause from law to equity side of court, or *vice versa,* is purely statutory and did not exist in this State prior to passage of the judicature act (3 Comp. Laws 1929, § 14008).

2. COSTS—STATUTES—COMMON LAW.
    The power to tax costs is wholly statutory and did not exist at common law.

3. CALENDAR—TRANSFER OF CAUSES—COSTS.
    In transferring a cause from one side of a court to the other a court is without power to grant costs on such occasion to either party until final outcome of the case, since the statute

is silent on the subject of costs and the power to transfer causes and tax costs is strictly statutory (3 Comp. Laws 1929, §§ 14008, 15433, 15439).

4. COSTS—TRANSFER OF CAUSES—STATUTES.

Statutes authorizing taxation of costs contemplate adjudication of an issue as a condition precedent, hence do not authorize taxation of costs upon granting motion to transfer cause from law side to equity side of the court or *vice versa*, as the cause is still pending after transfer (3 Comp. Laws 1929, §§ 14008, 15433, 15439).

5. MANDAMUS — COSTS — TRANSFER OF CAUSES — ASSUMPSIT — AC-COUNTING.

Writ of mandamus is granted to compel vacation of taxation of costs upon transfer of action of assumpsit to equity side of the court where court determined proper remedy was for an accounting and taxation of costs ordered to abide final outcome of suit.

Appeal from Kent; Verdier (Leonard D.), J. Submitted March 24, 1936. (Calendar No. 38,939.) Decided June 4, 1936.

Assumpsit by Veronica Kuberski against Stephen Panfil. Plaintiff reviews by appeal in the nature of mandamus order taxing costs on transfer of case to equity side of court during trial. Reversed.

*Michael Garvey,* for plaintiff.

*Glocheski & Glocheski,* for defendant.

NORTH, C. J. This appeal is in the nature of mandamus to compel vacation of an order giving defendant taxable costs against plaintiff incident to transferring plaintiff's case from the law side of the court to the chancery side, such transfer having been ordered on plaintiff's motion. Plaintiff's suit in as-

sumpsit was started on the theory that she could recover on an instrument supposed to be a promissory note; but after testimony had been taken the court decided that plaintiff's remedy was not an action on the note, but for an accounting arising out of a partnership relation. It was at this stage of the proceedings that the trial judge on plaintiff's motion transferred the case from the law side to the chancery side of the court.

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential." 3 Comp. Laws 1929, § 14008.

The quoted statute was enacted in this State in 1915 as a part of the judicature act (Act No. 314, Pub. Acts 1915) and is said to have been adopted from Federal Equity Rule No. 22 (1912). See Cummins & Beecher, Michigan Judicature Act, § 474. Prior to the enactment of this statute the circuit court did not have power to transfer a case from one side of the tribunal to the other. *Schook* v. *Iron Circuit Judge,* 192 Mich. 103. The power of the court to make orders of this character is derived solely from the statute. Likewise the power to tax costs is wholly statutory.

"The right to recover costs is conferred by the statute and did not exist at common law. It is to the statute therefore that we must look for the authority to recover costs in any given case." *Jeffery* v. *Hursh,* 58 Mich. 246, 258.

See, also, *Hester* v. *Commissioners of Parks and Boulevards of the City of Detroit,* 84 Mich. 450.

The order transferring this cause being wholly statutory, and no provision for costs either as a matter of right or within the discretion of the trial court having been made, it follows that the court is not vested with power to grant costs to either party. In the instant case the transfer of plaintiff's cause of action was on plaintiff's own motion. But it often happens that the transfer of a cause is on defendant's motion. In either case the legislature in its wisdom seems to have left the matter of costs to abide the final outcome of the litigation. Appellee contends that the court is vested with power to award taxable costs under the provisions of the following statutes:

"There shall be allowed to the prevailing parties costs in addition to the fees of officers, disbursements, and witnesses in suits at law, commenced or brought into the circuit court, by appeal or otherwise, as follows:" 3 Comp. Laws 1929, § 15433.

"In all actions and proceedings in which the plaintiff would be entitled to costs, upon a judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff be nonsuited, discontinue his suit, be *non prossed* or judgment pass against him on verdict, or otherwise; or in case a plaintiff recover judgment, but not enough to entitle him to costs; the defendant shall have judgment to recover against such plaintiff his full costs, which shall have the like effect as all other judgments." 3 Comp. Laws 1929, § 15439.

We think it clear that neither of the foregoing statutes authorizes taxation of costs upon the transfer of a cause of action. Instead each of the two quoted statutes contemplates as a condition pre-

cedent that there shall have been an adjudication of an issue. A transfer of the cause is not an adjudication of right of recovery. The cause is still pending. While not necessarily conclusive, it is interesting to note that each of the two statutes last above quoted was enacted long prior to that relative to the transfer of causes of action from one side of the court to the other.

As noted above, we think there is no authority for taxing costs upon the transfer of a cause from one side of the court to the other; but instead taxation of costs should abide the final outcome of the suit. Writ of mandamus will issue if necessary.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.