REGAN, Judge.
Plaintiff, Equitable Equipment Company, Inc., instituted this suit to nullify and enjoin the execution of a public contract between the ' defendants, the Sewerage & Water Board of New Orleans and Allan J. Harris & Company for the construction of two steam turbines which were to be installed in the Water Purification Plant of New Orleans. Plaintiff, an. unsuccessful bidder, asserted that the contract was void because the low bid submitted by Harris included equipment which varied from the type specified in the plans prepared by the Board’s engineers, and, therefore, the other bidders were prejudiced by the award since they were not afforded an opportunity to bid competitively on the equipment which the Board ultimately decided to utilize.
The defendants answered and insisted that the variations complained of were minor informalities, which the Board was entitled to waive.
From a judgment in favor of the defendants dismissing plaintiff’s suit, it has prosecuted this devolutive appeal.
Defendant, Allan J. Plarris & Company, has filed a motion to dismiss this appeal, asserting that, while the appeal was pending, it has completed the job and has been paid by the Sewerage & Water Board. The defendant argues that this fact renders the issues involved herein moot.
While plaintiff, assuming for the purpose of argument that the defendant’s assertion of completion and payment is true, it argues that it is still entitled to a “declaration” that the contract was null and void.
Counsel relies upon two cases [1] to support this contention, wherein the Supreme Court considered the issue of the nullity of a public contract; however, they are not apposite to the matter before us. In both of these cases the contractors instituted suit to recover the amounts due them for services rendered and materials supplied under the contract and it was necessary for the court to consider the legality of the contracts in order to determine whether plaintiffs were entitled to the judgments they prayed for.
In this case, however, if completion of the contract and pa3unent for its performance are established by competent evidence, then the legality of the contract is a moot question since there is no.judgment we could render that would be operative [2], or which would serve any useful purpose.
For the reasons assigned, this matter is remanded to the trial court for the sole purpose of permitting the defendant mover to adduce evidence to establish completion of the contract and payment therefor, which, if established, renders this matter moot.
Remanded.

. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627; Smith v. Town of Vinton, 216 La. 9, 43 So.2d 18.

. Louisiana Agricultural Corporation v. Pelican Oil Refining Co., 5 Cir., 256 F. 822.