[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Officers of the East Hartford Police Department on September 27, 1996 as a result of a complaint from East Hartford's Mayor's office went to areas contiguous to the defendant's home consisting of the rear yard protected by a fence and an unprotected area near the front of the defendant's home for the purpose of tagging motor vehicles that were either unregistered or abandoned. This was done pursuant to East Hartford's Zoning Regulations, 21-1 et. seq. There was no search warrant, either administrative or otherwise. Defendant made clear to the officers that they and their police dog Bruno were not wanted and unwelcome. Officers examination of the vehicles to be tagged was limited in a few instances to obtaining VIN numbers that were behind the windshield.
During the course of the officers examination of motor vehicles in preparation of placing tags thereon the defendant accompanied by his pit bull ordered the officers off of his premises but they continued their task of tagging the vehicles.
An argument ensued and after threats directed at the officers the defendant was arrested and an altercation developed.
There is no claim that anything was taken or seized by the police officers that can be considered as physical evidence but the defendant made some spontaneous voluntary utterances prior to and during the course of the altercation that might prove harmful to him at trial.
The Court is not unmindful of the so-called "fruit of the poisonous tree" doctrine which extends the exclusionary rule to cover any evidence that is gained in an unconstitutional search or seizure. Wong Sung v. United States, 308 U.S. 338 (1963). The Court finds that even if the search of the premises was illegal any connection between the search and defendant's voluntary utterances were too remote to render the evidence inadmissible. The statements cannot reasonably be said, even as a threshold matter, to be the product of an illegal act. The search though conceivably illegal was not flagrant and was obviously conducted for a good community purpose. Brown v. Illinois, 422 U.S. 590;Rawlings v. Kentucky, 448 U.S. 99 (1980). CT Page 4288
Also, an intervening event, ie. the clear resistance to the search brought about defendant's utterances. There was clearly no admissions against interest no confessions that flowed from any conceivable illegal search.
Any evidence that the State may seek to introduce was yielded voluntarily by the defendant. Any utterances were clearly of the accused's free will. United States v. Ceccolini, 435 U.S. 268
(1978). The accused was not in custody when he made his voluntary utterances.
The evidence of utterances that the State may seek to introduce are not the product of an illegal search or seizure. See United States v. Crews, 445 U.S. 463 (1980).
The dispositive issue is whether, even if the search was illegal, the evidence sought to be suppressed was gathered "by exploitation of that illegality, or instead by means sufficiently distinguishable to be purged of the primary taint." Wona Sung v.United States, 371 U.S. 471, 488. State v. Bale, 267 N.W. 730,732 (Minn. 1978).
Factors that have a bearing on this issue include the presence of intervening circumstances (resistance to officers presence) and the purpose and flagrancy of any alleged police misconduct. The flagrancy of the police misconduct is particularly important because the purpose of the exclusionary rule is to deter police misconduct. However, this purpose does not justify the extension of the exclusionary rule to suppress evidence of independent crimes occurring in response to an unlawful search or arrest. W. Lafave. Search and Seizure, 11.4 (j) (1978).
Clearly, defendant's independent and intervening actions broke the chain of causation and dissipated the taint of any alleged prior illegality.
The Court is of the opinion that since there is nothing to suppress it is not required to make a determination as to the legality of the search.
Howard T. Owens, Jr., Judge