BANKS *v.* WAYNE CIRCUIT JUDGE.

1. TRIAL—COURTS—TRANSFER OF CASE FROM CHANCERY TO LAW SIDE OF COURT.

   In a suit for the dissolution of a partnership and for an accounting, where plaintiff filed a supplemental bill asking a decree for money paid to defendant by plaintiff under the partnership agreement, voidable because entered into during his minority and disaffirmed on reaching his majority, which constituted a cause of action at law, it was properly transferred to the law side of the court under 3 Comp. Laws 1915, § 12351.

2. MANDAMUS—RES ADJUDICATA—APPEAL AND ERROR.

   In mandamus proceedings to compel the circuit judge to vacate an order transferring a case from the chancery to the law side of the court, the Supreme Court will not determine whether the original order of the court below dissolving the partnership and ordering an accounting was *res adjudicata* of the rights of the parties, since said question may be raised in the action at law.

3. SAME—PROCEDURE MAY NOT BE QUESTIONED BY PARTY SUGGESTING SAME—APPEAL AND ERROR.

   Where it appears that the procedure fixed in the order transferring the case from the chancery to the law side of the court was suggested by counsel for the present plaintiff, and that no objection was then made to the time fixed for filing the pleadings or for trial, the propriety of those portions of the order may not be raised in the Supreme Court for the first time in mandamus to compel the circuit judge to vacate said order.

Mandamus by Oliver H. Banks to compel Adolph F. Marschner, circuit judge of Wayne county, to vacate an order transferring a case in chancery to the law side of the court. Submitted October 31, 1922. (Calendar No. 30,395.) Writ denied December 5, 1922.

*C. Henri Lewis, Jr.,* and *Cecil L. Rowlette,* for plaintiff.

*Ben C. Hughes,* for defendant.

On February 14, 1919, Oliver H. Banks, the plaintiff in this suit, entered into a partnership agreement with Robert DeWitt Thomas to conduct the "Hotel Biltmore cafe" at 304 St. Antoine street in the city of Detroit. On April 17th following Thomas filed a bill setting up the agreement, charging certain breaches of it by Banks and asked that the partnership be dissolved and an accounting had. Banks' filed an answer and cross-bill setting up the same contract, alleging breaches thereof by Thomas, asked that the partnership be dissolved and an accounting had. On May 17th, Judge Dingeman entered an order dissolving the partnership and referring the accounting to a circuit court commissioner. He appointed plaintiff Banks receiver and fixed his bond at $2,000 which bond was filed the following day. No accounting seems to have been had. As a matter of fact, Thomas was a minor at the time the contract was entered into and these proceedings were taken. On attaining his majority he disaffirmed the agreement and demanded of Banks the return of $1,855.25, the amount he claimed to have paid him under it. Later he filed a supplemental bill asking a decree for the money paid defendant under the contract entered into when he was a minor and which contract he claimed was voidable and had been avoided. Banks answered and his counsel also filed a motion to dismiss alleging among other reasons that plaintiff had "a full, absolute and adequate remedy at law." This motion does not appear to have been brought on to be heard in advance of the hearing on the merits. The case came on to be heard before defendant, Judge Marschner, on April 4, 1922, on

the supplemental bill, Banks' answer, and, we may assume, the motion to dismiss.    The trial judge being of the opinion that the facts set up in the supplemental bill constituted a cause of action at law, transferred the case to the law side of the court under section 12351, 3 Comp. Laws 1915.    He also set the case for trial for April 14th, upon pleading to be filed as follows: declaration and bill of particulars to be filed April 5th, and plea on or before April 10th. He also ordered defendant's bond as receiver continued.    Banks' counsel moved to vacate this order, which motion was refused.    The answer of the circuit judge which is not traversed, sets up that by consent of counsel for Thomas the portion of the order continuing the bond of Banks has been vacated, that when the motion to vacate the order of April 4th came on to be heard he informed counsel for Banks that if he desired to press his motion to dismiss the supplemental bill, an order would be entered thereon at his request.    As to fixing the time of trial and the filing of the pleadings, he returns:

"No objection was made by counsel for defendant at the time to the provisions of the order and the statement of the court.    It was upon the suggestion of counsel for defendant that the procedure was adopted."

FELLOWS, C. J. (*after stating the facts*).    Judge Marschner was right in holding that the facts set up in the supplemental bill constituted a cause of action at law rather than grounds for relief in a court of equity.    If Thomas is entitled to recover from Banks upon the facts alleged it is for money had and received by Banks under a voidable contract avoided by Thomas on attaining his majority.    Under these circumstances it was proper to transfer the case to the law side of the court.    *Von Hoene* v. *Barber*, 215 Mich. 538.

Counsel for Mr. Banks insist that the order of Judge Dingeman was a final, appealable order and *res adjudicata* of the rights of the parties. We do not determine the question. It may be so pleaded on the law side. By making the order of transfer the trial judge does not circumscribe the issue on the law side or determine in advance the questions which may be there raised.

That portion of the order of Judge Marschner which continued Mr. Banks' bond has been vacated by consent of counsel for Mr. Thomas. There is no need to issue a writ of mandamus to compel the doing of that which has already been done.

Upon the state of the pleadings the answer of the defendant must be taken as true. From it it appears that the procedure fixed in the order of transfer was suggested by counsel for the present plaintiff, and that no objection was then made to the time fixed for filing the pleadings or for trial. Under these circumstances the propriety of these portions of the order may not be raised in this court for the first time.

The writ will be denied, with costs.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.