BRENNEN v. LIVINGSTON CIRCUIT JUDGE.

1. DISMISSAL AND NONSUIT — PROCESS—JURISDICTION—STATUTES— TRANSFER OF CASE FROM CHANCERY TO LAW SIDE DOES NOT CONFER JURISDICTION OVER DEFENDANTS NOT SERVED WITH PROCESS.

Where the trial court transferred a case begun as a suit in chancery to the law side of the court, as authorized by 3 Comp. Laws 1915, § 12351, because of lack of jurisdiction of the subject-matter, defendants' motion to dismiss, made after declaration was filed, because service was not had on them in the county in which the action

was brought, as required by 3 Comp. Laws 1915, § 12430, *held*, improperly denied.[1]

2. APPEARANCE—APPEARANCE IN CHANCERY CASE DOES NOT WAIVE RIGHT TO OBJECT TO JURISDICTION OF PARTIES IN LAW CASE.

Defendants' appearance and answer in a chancery case, and remarks of their counsel in colloquy between court and counsel for both parties relative to fixing the time for the filing of a declaration by plaintiffs if the case should be transferred to the law side of the court, *held*, not to waive their right to object to the jurisdiction of the court over the parties after filing of the declaration because of want of proper process.[2]

Mandamus by J. D. Brennen and another to compel Joseph H. Collins, circuit judge of Livingston county, to vacate an order denying a motion to dismiss an action at law.    Submitted December 2, 1924.    (Calendar No. 31,661.)    Writ granted December 31, 1924.

*Francis J. Shields* and *Cavanaugh & Burke,* for plaintiffs.

*William R. Groves* (*Louis E. Howlett* and *Jones & Stuhrberg,* of counsel), for defendant.

STEERE, J.    In December, 1923, Ruth C. Willis, of Wayne county, and Charles Goucher, of Livingston county, commenced a suit in the circuit court for the county of Livingston, in chancery, against J. D. Brennen and his wife, Belle E. Brennen, of Washtenaw county, the above named plaintiffs in this proceeding, based upon the following written agreement:

"I hereby place in the hands of Chas. Goucher the described property: 156 acres, Green Oak township, Livingston county, section 20, for the purpose of effecting a sale at the following price and terms: $19,000 net, ½ cash, balance to suit, or any other price or terms acceptable to the owner.    In the event of sale by agent or owner, I agree to pay a commission of all over the selling price.

[1]Dismissal and Nonsuit, 18 C. J. § 93 (1926 Anno); [2]Appearances, 4 C. J. § 70 (1926 Anno).

"This agency shall be exclusive to Chas. Goucher, and I hereby authorize Chas. Goucher to close a sale on the price and terms above mentioned.      I agree to furnish abstract and tax history.

"This agency may be terminated by giving 30 days' notice in writing by registered mail.

"Signed this 18th day of April, 1922.

(Signed) "J. D. BRENNEN, Owner.<br>(Signed) "BELLE E. BRENNEN.

(Signed) "CHAS. GOUCHER.
    By      Chas. Goucher."

Chancery summons was duly issued by the circuit court of Livingston county, in chancery, directed against said Brennen and wife as defendants.      Service was made upon them in the county of Washtenaw where they resided.      Notice of appearance and demand for copy of bill was served and filed by their counsel on December 15, 1923.

On December 24, 1923, their answer was filed, first claiming full right of a motion to dismiss plaintiffs' bill for the following reasons:

"(a) Because there is no equity upon the face of the bill of complaint filed in said cause.

"(b) Because from the language of the bill of complaint affirmatively appears that the said plaintiffs have, if anything, a full, adequate and complete remedy at law, all of which defendants will urge prior to a hearing upon the alleged merits of the above entitled cause, and as a further reason why the action must fail, these defendants respectfully call the attention of the court to the fact that under the alleged underwriting upon the chancery summons issued in said cause, no specific form of relief is requested which would warrant a personal decree against either of said defendants as prayed for in said bill."

Said motion to dismiss, in the nature of a demurrer, was duly brought on to be heard before the circuit court, in chancery, of Livingston county, and after argument thereon the court held that the contract between the parties was clearly an agency contract, its

terms entitling Goucher while it was in force to all
the property might be sold for over and above the
sum of $19,000, for which he had an adequate remedy
at law, and transferred the case to the law side of
the court, giving plaintiffs' counsel permission to file a
declaration therein.    After service of declaration on
the law side of the court counsel for plaintiff herein
appeared specially in said action for the purpose of
moving to dismiss the same on the ground that neither
of the defendants named therein had been served with
any process in said cause within the county of Living-
ston, the service made upon them in Washtenaw county
by process, in chancery, being powerless to confer
jurisdiction over defendants in an action on the law
side of the court.    The motion being denied, plaintiffs
sought review of such ruling by mandamus and ob-
tained from this court an order requiring the circuit
court of Livingston county to show cause why said
motion should not be granted.

The order of transfer in question was made under
3 Comp. Laws 1915, § 12351, authorizing transfer of
suits in equity and actions at law to the proper side
of the court when found commenced on the wrong
side.    That innovation is a part of our judicature act
of 1915.    While various features of the section have
been before this court in cases here for review, the
question of loss of jurisdiction over a person not
served within the county by transfer of an equity suit
to the law side of the court has not been passed upon
or involved in those cases so far as shown, process
apparently having been served within the county where
the litigation was had.    We find nothing in the act
suggesting a purpose to disturb the old and well
seasoned provisions relative to service found in 3
Comp. Laws 1915, § 12430, which, though authorizing
process to be served anywhere within the State when
issued out of a court of chancery, make it mandatory

that transitory actions at law be commenced either in the county where at least one of the defendants resides and is served with process or, if brought within the county where plaintiff resides, service of process must be had upon at least one of the defendants within that county.

"The circuit court for each county sits within and for the same, and is restricted to its local limits. Though their jurisdiction is general over the subject-matter of suits, yet, in respect to persons and property, it cannot be exercised beyond the limits of the county. * * * Judge Washington, in *Ex parte Graham,* 3 Wash. C. Ct. R. 459, in speaking of the jurisdiction of these courts, says:

" 'This division and appointment of particular courts for each district necessarily confines the jurisdiction of the local tribunal within the bounds of the respective districts within which they are directed to be held; were it otherwise, and the court of one district could send compulsory process into any other, so as to draw to it a jurisdiction over persons or things without the limits of the district, there would result a clashing of jurisdictions between the courts, which could not easily be adjusted.' " *Turrill* v. *Walker,* 4 Mich. 177.

"The right of a person to be sued at his own domicile is not a technical one, but one of importance, and should not be taken away except in strict compliance with law. And non-residents, as a rule, must sue their respondents at home." *Jacobson* v. *Wayne Circuit Judge,* 76 Mich. 234.

There is no language in the transfer statute suggesting a construction by which jurisdiction over the person in an action at law may be served through commencing, as a suit in equity, a case which should have been brought as an action on the law side of the court and serving chancery process on a non-resident defendant outside of the county in which the case is begun. Conceding this to be true, counsel for defendant (in this proceeding) contend that "defendants (plaintiffs here) waived their right, if any, to

object to the jurisdiction of the court over the parties," by appearing in the chancery suit and answering, and by what their counsel said during argument of the motion to dismiss the bill.

Service of process in the chancery suit was valid. It gave the court jurisdiction over the persons of the defendants in that proceeding.    If they failed to appear and defend the bill would be taken as confessed and decree entered against them.    Their answer was begun by a motion to dismiss plaintiffs' bill for want of jurisdiction in equity over the subject-matter of litigation stated in the bill, not over defendants personally, and concluded with the averment that all matters mentioned and complained of in the bill were matters for trial and determination in an action at law.    Their appearance and pleading in the chancery suit waived no rights in a law action not yet begun, nor standing against them by transfer, on the law side of the court.

The record shows that defendants' motion to dismiss plaintiffs' bill in the chancery suit was argued at length by counsel for the respective sides, with inquiries and comments by the court.    During his argument Mr. B— (one of defendants' counsel) said amongst many other things:

"Without going into the question of the authorities on the question, the contract itself is so plain and so certain as to its terms, I can't conceive counsel for defendant could do anything on this motion to dismiss the bill of complaint other than to ask the court to transfer the matter to the law side of the court."

After conclusion of argument upon the motion to dismiss the court rendered an oral opinion concluding: "Therefore the case will be transferred to the law side of the court for further proceedings."

The following then took place between the court and counsel:

"*Mr. J—* (Counsel for plaintiffs) : Will there be any limit of time as to when we will put in our declaration?

"*The Court:* You better file your declaration under the rule, as though summons had been issued within the same time as provided by rule for the filing of a declaration.

"*Mr. H—* (One of defendants' counsel) : I think we can stipulate on the record.

"*The Court:* Very well, you can stipulate as to the time of filing.

"*Mr. H—* Suppose within fifteen days, the plaintiff in this case will file their declaration. Suppose it shall be made that within fifteen days thereafter, the defendants shall plead to the declaration?

"*Mr. B—* I think as far as the defendants are concerned, I think if the plaintiffs elect to file a declaration on the law side of the court, to simply comply with the rule.

"*Mr. J—* Within fifteen days from the date of service of declaration upon the defendants, they shall plead."

Plaintiffs' declaration was thereafter filed and served on defendants' counsel who promptly appeared specially and interposed the motion to dismiss involved in this controversy.

The excerpt quoted from argument of defendants' counsel in the chancery suit when pressing their motion for dismissal of the bill—urged here as evidencing admission of jurisdiction should the case be referred to the law side of the court—seems somewhat out of tune with the avowed purpose of his motion and rest of his argument in support of it, but we do not discover that counsel ever resorted to the suggested expedient of asking "the court to transfer the matter to the law side of the court," or intimated what course defendants would adopt if the court did so. The most it amounted to was random intimation that the court might make the transfer rather than grant the motion for dismissal.

When the question of time to plead came up after order of transfer was made the stipulation on that subject contained no assurance of what issues defendants might raise after plaintiffs' declaration was filed.  By reference to the rule defendants' counsel intimated, if anything, that they would stand upon their rights, whatever they were.  Until plaintiffs' declaration was filed on the law side of the court there was nothing defendants could plead or object to.  We find nothing in what transpired at the hearing of defendants' motion to dismiss the bill which waived any rights they might have after the case was transferred.

"By making the order of transfer the trial judge does not circumscribe the issue on the law side or determine in advance the questions which may be there raised."  *Banks* v. *Wayne Circuit Judge*, 221 Mich. 147.

Defendants' motion to dismiss for want of personal jurisdiction over them was well founded.  The writ asked for is therefore granted.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.