GENYK *v.* NAGRICH.

1. VENDOR AND PURCHASER—VENDOR'S LIEN—EQUITY—JURISDICTION.
    When land is sold on contract, purchaser takes equitable title subject to vendor's lien, and enforcement of such vendor's lien is peculiarly within cognizance of equity courts.

2. SAME—EQUITY—FORECLOSURE OF VENDOR'S LIEN.
    Suit involving accounting, foreclosure of vendor's lien arising out of land contract, and rights of third parties in land involved is within jurisdiction of equity court, and order of court below transferring case to law side of court is set aside, on appeal, and case remanded for hearing on merits.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted June 9, 1931. (Calendar No. 35,693.) Decided June 1, 1931.

Bill by William Genyk against Charles Nagrich and others to foreclose a vendor's lien under a land contract. From an order transferring case to law side of court, plaintiff appeals. Reversed, and remanded.

*Torbert & Allerton,* for plaintiff.

*Ritchie S. Barrie,* for defendants.

BUTZEL, C. J. On June 29, 1918, plaintiff, William Genyk, and his brother John, as vendees, entered into a land contract with John F. Thomas and wife, as vendors, for the purchase of property in the city of Detroit. Thereafter, on April 14, 1920, plaintiff bought his brother's interest in the contract and became the sole vendee. On the same day, he sold the

property on subcontract to defendants Charles and Julia Nagrich, as subvendees. On September 18, 1920, defendants, without the knowledge of plaintiff, purchased the equity of John F. Thomas and wife, the original vendors in plaintiff's contract, and received an assignment from them. Defendants thus became vendors by virtue of the first contract, but remained vendees under plaintiff's subcontract with them. Subsequently, they sold the property on contract to defendants Birzensky. The subcontract, as it appears in the record, would indicate that payments were made by defendants to plaintiff as late as April 16, 1924. On January 29, 1930, within six years from the time of this last payment, plaintiff filed his bill of complaint. After setting forth the foregoing transactions, he alleges that defendant Nagrich had gone to plaintiff's home and searched it while the latter was sick at the hospital, and from that time on the original contract was missing; that Nagrich promised to pay at the rate of $10 a month; that upon going to the bank, to make payments to Thomas, as had been his custom theretofore, plaintiff was informed by an employee of the bank that the contract was no longer there for collection; that Nagrich had taken advantage of plaintiff's inexperience and ignorance, to which he also attributes the delay in bringing this suit. There had been no foreclosure proceedings on either contract. Plaintiff asks for the foreclosure of a vendor's lien which he claims for the difference between what defendants still owe him on the subcontract and the amount due from him to them on the Thomas contract. He also asks that the rights of defendants Birzensky be determined.

Motion to transfer the case to the law side of the court was made and granted. There was some col-

loquy in regard to vendor's lien but the trial judge made no order in regard to it but stated that it was first necessary to obtain a judgment at law. Plaintiff has appealed from the order of transfer and asks that the case be remanded to the equity side of the court.

Equity properly acquired jurisdiction and should have kept it.

"When land is sold on a contract, the purchaser takes the equitable title subject to the vendor's lien thereon. The enforcement of such vendor's lien is peculiarly within the cognizance of equity courts." *Craig* v. *Black,* 249 Mich. 485, and cases therein cited.

The questions presented in the instant case involve an accounting, the foreclosure of a vendor's lien arising out of a land contract, the right of third parties in real estate, and are manifestly within the jurisdiction of the court of equity where the rights of all parties may be determined, and a multiplicity of suits avoided. As the equitable relief sought is more than a money judgment, it is apparent that the action should not have been brought on the law side of the court nor transferred to it under 3 Comp. Laws 1929, § 14008. It was not discretionary with the trial judge to so transfer it. *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich. 380. The order of transfer is set aside, and the case remanded to the equity side of the court for hearing on the merits. Plaintiff will recover costs.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.