COMMISSIONER OF INSURANCE *v.* LAPEER CIRCUIT JUDGE.

1. TRIAL—TRANSFER OF CAUSES—DISCRETION OF COURT—JURISDICTION.

The making of an order transferring a case from the equity side of a court to the law side or vice versa is not discretionary once the court has determined the jurisdiction of such action is on the other side from that in which the case was commenced (3 Comp. Laws 1929, § 14008).

2. MANDAMUS—OTHER REMEDY.

Generally mandamus will not lie where the law has provided another remedy.

3. SAME—INADEQUACY OF OTHER REMEDY.

A writ of mandamus issues because there is no other adequate remedy and justice and good government require a redress of the wrong.

4. SAME—APPEAL—WRIT OF ERROR.

Mandamus will not take the place of an appeal or writ of error.

5. SAME—JURISDICTION.

Mandamus will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had jurisdiction in fact.

6. SAME—CIRCUIT JUDGES—DISCRETION OF JUDGE.

Mandamus will be granted to compel a circuit judge to act only when the duty of the circuit judge to act is imperative and not discretionary.

7. SAME—RIGHT TO PERFORMANCE OF MINISTERIAL DUTY.

To support mandamus, plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act.

8. SAME—PUBLIC OFFICERS—SPECIFIC RELIEF.

In cases where the right is clear and specific and public officers or tribunals refuse to comply with their duty, a writ of mandamus issues for the purpose of enforcing specific relief.

9. Same—Transfer of Causes—Discretion of Court.

• Mandamus is the proper method by which review may be made of an order transferring a cause from the equity to the law side of the court, such order not being a discretionary one (3 Comp. Laws 1929, § 14008).

10. Same—Transfer of Cause—Jurisdiction.

In mandamus proceeding to compel vacation of order transferring cause from equity to law side of court, the only question involved is whether the court of equity is the proper forum by which the receiver of a farmers' mutual fire insurance company may enforce lien for assessments provided for by statute and charter (3 Comp. Laws 1929, §§ 12269, 12602, 14008).

11. Liens—Creation.

Liens can only be created by agreement or by some fixed rule of law.

12. Insurance—Farmers' Mutual Fire Company—Assessments—Liens.

By virtue of statute farmers' mutual fire insurance companies may make assessments ·for payment of losses and expense incurred by the company and such assessments are a lien upon the property (3 Comp. Laws 1929, § 12602).

13. Same—Farmers' Mutual Fire Company—Receivers—Assessments—Officers.

The insurance commissioner, as receiver of a farmers' mutual fire insurance company, has all the powers of a receiver in insolvency proceedings and has the same authority to make assessments upon stockholders or members as the company officers, hence has a lien for unpaid assessments (3 Comp. Laws 1929, §§ 12269, 12602).

14. Same—Receivers—Assessments.

An assessment made by a receiver of a farmers' mutual fire insurance company has the same force and effect as if made by the proper officers of the company before insolvency (3 Comp. Laws 1929, §§ 12269, 12602).

15. Liens—Statutes—Enforcement—Equity.

Where a lien is created by statute, and no adequate or exclusive remedy is provided for enforcing it, resort to a court of equity may generally be had.

16. Same—Enforcement—Jurisdiction—Equity.

Except where there is a full and complete remedy at law, a court of equity has general jurisdiction to enforce liens, and in the absence of statute, will foreclose them in obedience to the well-settled rules of equity jurisprudence.

17. MANDAMUS—TRANSFER OF CAUSE—QUESTIONS REVIEWABLE.

In mandamus proceeding to compel circuit judge to vacate an order transferring suit by receiver of farmers' mutual fire insurance company for assessments against members from equity to law side of court, various issues raised by a member's previous motion to dismiss, which went to the merits of the receiver's cause of action, may not be considered since a transfer of a cause of action is not an adjudication of right of recovery (3 Comp. Laws 1929, § 14008).

18. TRIAL—TRANSFER OF CAUSES.

In transferring a cause of action from one side of a court to another, defendant does not lose the right to contest plaintiff's alleged cause of action (3 Comp. Laws 1929, § 14008).

19. EQUITY—ISSUES.

Claims that action was premature, that cause of action was barred by the statute of limitations, that plaintiff had no legal capacity to sue in county in which suit was brought, that claim was void under statute of frauds, and that after charter of insurance company for which plaintiff receiver brought suit had been terminated its officers and directors had violated the law in filing reports and financial statements with the insurance commissioner were questions which might be raised on the equity side of the court (3 Comp. Laws 1929, §§ 13417, 13435, 13439, 13976 et seq., 14008).

20. PLEADING—INSURANCE—RECEIVERS—ASSESSMENT—POLICY.

In suit by receiver of farmers' mutual fire insurance company to collect assessments from members, court rule pertaining to declarations upon insurance policies in which it was not required to incorporate policy in declaration or attach it thereto was applicable rather than general rule as to pleading of written instrument (Court Rules Nos. 17, § 5; 19, § 5 [1933]).

21. MANDAMUS—TRANSFER OF CAUSE—REVIEW.

An order transferring a cause from one side of the court to another may be reviewed in the Supreme Court either by original writ of mandamus or appeal in the nature of mandamus (3 Comp. Laws 1929, § 14008).

22. SAME—ORIGINAL JURISDICTION—LEAVE TO APPEAL—COURT RULE.

Court rule requiring leave to appeal when appeal is in the nature of mandamus had no application to a writ of mandamus issued by virtue of original jurisdiction of Supreme Court (Court Rule No. 60 [1933]).

23. MOTIONS AND ORDERS—HEARING—SUPREME COURT—NOTICE.

A hearing on an order to show cause in the Supreme Court is
treated as a motion and where proper notice for hearing as
for a motion was given it was not necessary to comply with
court rule requiring 20 days' notice of bringing the cause
on for a hearing (Court Rule No. 70 [1933]).

24. INSURANCE—FARMERS' MUTUAL FIRE COMPANIES—RECEIVERS—
ASSESSMENTS—EQUITY—LIENS.

Receiver of farmers' mutual fire insurance company is entitled
to have his suit for assessments against members tried on
the equity side of the court in view of the fact that a lien
for such assessments may be claimed against the property in-
sured (3 Comp. Laws 1929, §§ 12269, 12602).

Petition by Eugene P. Berry, receiver of Lapeer
Farmers' Mutual Fire Insurance Company, for writ
of mandamus commanding Herman Dehnke, act-
ing Lapeer Circuit Judge, to vacate an order trans-
ferring a cause from the equity to the law side of
the court. Submitted June 10, 1942. (Calendar
No. 42,046.) Writ granted September 8, 1942. Re-
hearing denied October 21, 1942. Reconsideration
denied November 25, 1942.

*Walter S. Foster,* for plaintiff.

*John F. Jordan* and *Roger J. Vaughn,* for defend-
ant.

SHARPE, J. Petitioner, receiver of the Lapeer
Farmers Mutual Fire Insurance Association and
plaintiff in a chancery suit against one John Riley,
petitions this court for a writ of mandamus com-
manding the circuit judge to vacate an order trans-
ferring the above-mentioned cause from the chan-
cery to the law side of the court.

On February 11, 1942, petitioner, as receiver of
the insurance association, filed a bill of complaint
in the circuit court of Lapeer county, in chancery,
against one John Riley, a resident of Lapeer county,
to impress a lien and provide for the foreclosure

of the same against certain property owned by defendant. He alleged that the insurance association was a corporation organized in 1871 for mutual insurance of its members and subject to Act No. 256, Pub. Acts 1917, as amended; [*] that on September 17, 1935, by proceedings in the circuit court of Ingham county, in chancery, the association was placed in receivership; that on July 27, 1940, the receiver levied assessments against persons who, as owners of property insured, were members of the association between January 1, 1927, and September 17, 1935, pursuant to the order of the Ingham county circuit court, in chancery, in the receivership proceedings; that defendant was the owner of certain property insured by the association from October 18, 1928, to September 17, 1935; that the pro rata share of the assessment due from the owner of said property was $106.87, which defendant refused to pay; that by virtue of 3 Comp. Laws 1929, § 12602 (Stat. Ann. § 24.452), plaintiff has a lien upon the property so insured to the amount of the assessment; and that plaintiff has a lien upon the property by virtue of section 8 of the charter of the association, which defendant by his membership in the association agreed to and became bound by and which reads as follows:

"It is hereby agreed and understood that said unpaid assessment shall be considered as a lien on the whole or any part of the property, both real and personal, insured, to the amount of such assessment, together with all necessary expenses, fees and costs from collecting said assessment, including attorney's fee."

Defendant Riley appeared in his proper person and filed a motion to dismiss plaintiff's bill of com-

[*] See 3 Comp. Laws 1929 and Comp. Laws Supp. 1940, § 12243 et seq. (Stat. Ann. and Stat. Ann. 1941 Cum. Supp. § 24.1 et seq.).— REPORTER.

plaint upon the ground, among others, that the bill does not state a cause of action cognizable in equity and that plaintiff has an adequate remedy at law.

After hearing, the trial court dismissed the bill but, later, on reconsideration and rehearing of the motion to dismiss, entered an order vacating his order dismissing the bill and transferred the case to the law side of the court under 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652).

Plaintiff now petitions this court for a writ of mandamus directing the trial court to vacate his order transferring the cause to the law side of the court, claiming that he has a valid cause of action in chancery for a lien upon the property.

An order to show cause was issued and the trial court in his return states as follows:

"Defendant further returns that his determination that plaintiff's bill of complaint did not state a case maintainable in equity was based solely upon his conclusion that plaintiff is not given a lien against the property insured either by the statute or the provisions of the "Charter," both of which relate themselves only to assessments levied by the company or association, and not to receiver's assessments, as to which there is no comparable provision in those portions of the statutes relating to liquidation. * * *

"Defendant respectfully calls attention to the fact that the motion to dismiss plaintiff's bill of complaint below is based also on other grounds, which defendant overruled, but which, if found to be well taken, would require dismissal of the bill of complaint, rather than a transfer of the case to the law side of the court; and suggests that, in view of the fact that numerous other cases are pending in which similar questions are raised, it is desirable that all the reasons upon which dismissal is asked be considered and passed upon."

Section 14008, 3 Comp. Laws 1929 (Stat. Ann. § 27.652), provides:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

Of first importance is to determine whether it is discretionary upon the part of the trial judge to transfer a cause from the law side to the chancery side or vice versa.

In *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich. 380, we had occasion to construe 3 Comp. Laws 1915, § 12351, which is identical to 3 Comp. Laws 1929, § 14008. We there said:

"The making of such an order (transferring a case) is not, in our opinion, discretionary. When the court concludes that plaintiff has failed to make out a case which entitles him to its submission to the jury for the reason that the matters involved are the subject of equitable jurisdiction, the order must be made pursuant to the statute."

See, also, *Genyk* v. *Nagrich,* 255 Mich. 189; *White Star Refining Co.* v. *Evans,* 269 Mich. 636.

It would appear from the above authorities that the transfer of a cause from law to equity or vice versa is not discretionary on the part of the trial judge. We are next confronted with the question of whether mandamus is the proper remedy to review the trial court's order transferring the case under 3 Comp. Laws 1929, § 14008.

In *Michigan Mutual Fire Insurance Co.* v. *Wayne Circuit Judge,* 112 Mich. 270, we said:

"It is a general rule that the writ (mandamus) will not lie where the law has provided another remedy. It is said a writ of *mandamus* issues because there is no other adequate remedy, and justice and good government require a redress of the wrong. A court will not be required by this writ to take any action when another remedy is provided. It will not take the place of an appeal or writ of error. Merrill, Mandamus, §§ 201, 209. * * * The writ will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had jurisdiction in fact, because, if the writ was not entertained under such circumstances, the party would be without remedy."

In *Globe Indemnity Co.* v. *Richer,* 264 Mich. 224, in discussing the question of when the writ of mandamus will issue, we said: "It will be granted only when the duty of the circuit judge is imperative and not discretionary."

In *Toan* v. *McGinn,* 271 Mich. 28, 34, we said:

"To support mandamus, plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act, one 'where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' 38 C. J. p. 598. See, also, *Globe Indemnity Co.* v. *Richer,* 264 Mich. 224; *Sezor* v. *Proctor & Gamble Soap Co.,* 267 Mich. 128."

And in *People, ex rel. Township of LaGrange,* v. *State Treasurer,* 24 Mich. 468, 477, we said:

"In cases where the right is clear and specific, and public officers or tribunals refuse to comply

with their duty, a writ of *mandamus* issues for the very purpose, as declared by Lord Mansfield, of enforcing specific relief. It is the inadequacy, and not the mere absence, of all other legal remedies, and the danger of a failure of justice without it, that must usually determine the propriety of this writ. Where none but specific relief will do justice, specific relief should be granted if practicable. And where a right is single and specific it usually is practicable.''

See, also, *Chemical Bank & Trust Co.* v. *County of Oakland,* 264 Mich. 673; *National Bank of Detroit* v. *State Land Office Board,* 300 Mich. 240.

It follows from the above authorities that in the case at bar mandamus is the proper method by which plaintiff may obtain a review of the order transferring the cause.

The order of transfer involved in this case, in effect, decided that plaintiff's bill of complaint did not state a cause of action over which a court of equity has jurisdiction, but did state a cause of action cognizable by the law side of the court. The only question involved in this review is whether the court of equity is the proper forum to decide the alleged cause of action stated in plaintiff's bill of complaint.

Plaintiff's contention that equity is the proper forum is based upon a claimed lien against certain property arising from 3 Comp. Laws 1929, § 12269 (Stat. Ann. § 24.46), and § 12602 (Stat. Ann. § 24.452), as well as section 8 of the charter of the association. It is the claim that under section 12269, a receiver has the same authority to make assessments as the officers of the corporation for which the receiver acts; and that under section 12602, and section 8 of the charter, a lien follows an assessment.

In *Frost* v. *Atwood,* 73 Mich. 67, 73 (16 Am. St. Rep. 560), we said:

"No rule is better settled than that liens can only be created by agreement, or by some fixed rule of law."

The statutory clause as to a lien for mutual fire, cyclone and hail insurance companies is included in 3 Comp. Laws 1929, § 12602, which reads as follows:

"The articles of association and bylaws of any such company organized under or subject to the provisions of this chapter, may provide for the receiving of applications or agreements from its members for insurance, with or without taking from the insured any premium note or notes; and it shall be lawful for such mutual insurance companies, to make assessments upon such agreements, or policies issued thereon, or upon the premium note or notes, as the case may be, pro rata, according to the amount of such agreement or policies, or premium note or notes for payment of the losses and expense incurred by such companies, and all such premium notes, or agreements or assessments, shall be a lien upon the property insured to the amount of such note, notes, agreements, assessments, costs and interest thereon."

In our opinion the above statute clearly authorizes mutual insurance companies to make assessments for payment of losses and expense incurred by the company; and makes such assessments a lien upon the property. In the case at bar, section 8 of the charter of the association specifically provides:

"When amount of losses and expenses have been determined by the board, the secretary-treasurer shall on * * * mail notice of said assessment and

amount due, to each member of this association * * * which assessment shall be due and payable to the secretary-treasurer or his receiver, without expense to the association * * * and in default of payment of said assessment he, she or they shall be and is thereby suspended until he, she or they pay said assessment, and it is hereby agreed and understood that said unpaid assessment shall be considered as a lien on the whole or any part of the property, both real and personal insured, to the amount of such assessment together with all necessary expenses and fees."

It is urged by John Riley that the above statute (3 Comp. Laws 1929, § 12602) makes no mention of a receiver having a lien for unpaid assessments; that the statute relates only to a company assessment which has been made according to the statutory and charter provisions; and that the statute fails to provide means of enforcement of a lien. We are not in accord with this position.

Section 12269, 3 Comp. Laws 1929 (Stat. Ann. § 24.46), provides as follows:

"The commissioner of insurance or his deputy or special deputy, acting under the provisions of this chapter in any liquidation proceedings, shall have all the powers of a receiver in insolvency proceedings, and may do and perform any act for the protection of the assets or the recovery of the same, and for the settlement or discharge of the obligations of the insurance company, that may be necessary or that may be directed by the court. He shall have the same authority to make assessments upon stockholders or members of the company as the officers thereof are authorized to make under the provisions of this act, and it shall be his duty to make such assessments, ratably in any case where authorized, to any extent that may be necessary to discharge the whole obligations, existing at any

time during such receivership or insolvency proceedings. He may bring suit to recover and enforce such assessments in any court of competent jurisdiction against the members or stockholders, as the case may be, or by direction of the court having jurisdiction of the liquidation, may bring such suit or suits in the circuit court without regard to the amount involved. Such receiver shall be held accountable to the circuit court of the county having jurisdiction for his actions in the premises."

Under the above statute a receiver not only has the power to make assessments upon stockholders, but, under certain circumstances, it is his duty to do so; and "he may bring suit to recover and enforce such assessments in any court of competent jurisdiction." In our opinion, an assessment made by a receiver has the same force and effect as if made by the proper officers of the company before insolvency.

We are not in accord with John Riley's position that a receiver may not enforce a lien for unpaid assessments. While it is true that the statute makes no provision for the enforcement of a lien, in 21 C. J. p. 118 the rule is stated as follows: "But where a lien is created by statute, and no adequate or exclusive remedy is provided for enforcing it, resort to a court of equity may generally be had."

"Except where there is a full and complete remedy at law, a court of equity has general jurisdiction to enforce liens, and in the absence of statute, will foreclose them in obedience to the well-settled rules of equity jurisprudence." 37 C. J. p. 340.

In *Huggins* v. *Home Mutual Fire Ins. Co.,* 107 Miss. 650, 662 (65 South. 646), it was said:

"We are of opinion that the jurisdiction of the chancery court to enforce the remedy prayed for is inherent, and it was not necessary for the statute

to confer upon the court the power to enforce the lien. The statute gives the right, and the court has the power to enforce same.''

In *State of California* v. *Hisey* (C. C. A.), 84 Fed. (2d) 802, it was contended that a lien for taxes does not exist when there is no right to enforce the same. The court there said:

''Upon that basis he contends that there is no preferential right which can be enforced in receivership proceedings because there is no method of enforcing the lien and consequently no lien, and hence, no priority. The State contends that in the absence of any specific statute authorizing a court of equity to enforce the lien for these taxes, it can nevertheless do so in the exercise of its general equitable power. This is a general rule as to the power of a court of equity to enforce liens and is declared by the California supreme court in *Hibernia Savings & Loan Society* v. *London & Lancashire Fire Ins. Co.*, 138 Cal. 257 (71 Pac. 334). It follows that the State is entitled to a lien on the property in the hands of the receiver and therefore to preferential payment. *Pauley* v. *State of California* (C. C. A.), 75 Fed. (2d) 120.''

It is to be noted that the pleadings in the chancery case show that defendant Riley made a motion to dismiss in which the claims are made that the action is premature; that the cause of action is barred by the statute of limitations; * that the plaintiff has no legal capacity to sue in Lapeer county; that the claim is void under the statute of frauds; † that on September 17, 1931, the charter of the association was terminated and subsequent to such termination its officers and directors with the knowledge and consent of the insurance commissioner violated the

* 3 Comp. Laws 1929, § 13976 *et seq.* (Stat. Ann. § 27.605).—REPORTER.

† 3 Comp. Laws 1929, §§ 13417, 13435, 13439 (Stat. Ann. §§ 26.922, 26.972, 26.976).—REPORTER.

laws of the State of Michigan in filing reports and financial statements with said insurance commissioner.

This motion, with the reasons therein stated, raises issues going to the merits of plaintiff's cause of action. We have been urged to pass upon these questions. This we cannot do in this proceeding as "a transfer of the cause is not an adjudication of right of recovery." (*Kuberski* v. *Panfil,* 275 Mich. 495.) In a transfer of a cause, defendant does not lose the right to contest plaintiff's alleged cause of action. All such questions can be raised on the side of the court to which the cause has been transferred. *Banks* v. *Wayne Circuit Judge,* 221 Mich. 147; *Brennen* v. *Livingston Circuit Judge,* 229 Mich. 426. In making the transfer in the case at bar, the trial court took into consideration only plaintiff's bill of complaint.

In the equity case, defendant Riley also raised the question that the bill of complaint failed to comply with the requirements of Court Rule No. 17, § 5 (1933), in that a copy of the insurance policy was not attached to the bill of complaint. In our opinion, Court Rule No. 19, § 5 (1933), governs in the instant case. It is there provided:

"In declaring upon a policy of insurance it shall not be necessary to set forth specifically any more than the execution, the date, the amount of the policy, the premium paid or to be paid, the property or risk insured, the interest of the insured, and the loss."

There was compliance with this rule.

Defendant Riley has filed in this court a motion to dismiss plaintiff's petition for writ of mandamus and the order to show cause because plaintiff has failed to comply with the provisions of Court Rule No. 60 (1933), which requires that leave to appeal must be applied for and obtained in mandamus pro-

ceedings; and because plaintiff failed to comply with 3 Comp. Laws 1929, § 15184 (Stat. Ann. § 27.2228), which requires that the return of the trial judge must be settled after due and proper notice to the applicant for the writ; and because the procedure adopted herein constitutes a deprivation of the rights and properties of John Riley, defendant in the chancery suit.

Under our present rules there are optional methods of review in the case at bar. It may be done by original writ of mandamus or appeal in the nature of mandamus. In the instant case, plaintiff sought an original writ from this court. Authority for the issuance of such a writ is found in Const. 1908, art. 7, § 4, and 3 Comp. Laws 1929, § 13535 (Stat. Ann. § 27.29). Court Rule No. 60 (1933) has no application to a writ issued by virtue of our original jurisdiction, but applies only when there is an appeal in the nature of mandamus.

Defendant Riley also filed in this court a motion to remove the mandamus case from the June term 1942 docket upon the theory that plaintiff failed to comply with Court Rule No. 70 (1933) in that plaintiff did not give defendant 20-days' notice of bringing the cause on for a hearing.

In the case at bar, an order to show cause was issued upon the presentation of the petition for a writ of mandamus. Under our practice, a hearing on such an order is treated as a motion. The files and record show that a proper notice for hearing as for a motion was given.

Petitioner is entitled to have his case tried on the equity side of the court and, if necessary, the writ of mandamus will issue.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.