### SWANSON *v.* WEDIN.

Accounting—Contracts—Loans—Repayment—Employment.

> Under contract whereby plaintiff loaned a sum of money to partnership engaged in designing tools, dies, and fixtures, which loan was to be repaid out of earnings and plaintiff given 10 per cent. of profits during period he was employed by defendant, plaintiff was entitled to decree for accounting as to profits for period of employment in suit brought after repayment of loan and termination of employment, in the absence of any modification of the contract.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 4, 1944. (Docket No. 2, Calendar No. 42,458.) Decided April 4, 1944. Rehearing denied May 17, 1944. Reconsideration denied September 5, 1944.

Bill by Stanley Swanson against Ivor T. Wedin, individually and doing business as I. T. Wedin Company, for an accounting. Decree for defendant. Plaintiff appeals. Reversed and remanded for accounting.

*Cashan P. Head,* for plaintiff.

SHARPE, J. This is an appeal from an order dismissing plaintiff's bill of complaint, filed for an accounting.

Prior to March 1938, plaintiff was employed as a draftsman for the Pontiac Motor Car Company and his father, Victor E. Swanson, was unemployed. At this time defendant, I. T. Wedin, and Paul Myers were copartners in a business known as I. T. Wedin Company whose purpose was to engage in the designing of tools, dies and fixtures for manufacturers. About this time these parties began discussing the affairs of the copartnership. The purport of such discussions was that the copartnership was in need of cash in order to operate as a going concern; and that Victor E. Swanson, who was then unemployed, and Stanley Swanson, who at that time was working part time, were interested in creating jobs for themselves.

As a result of these discussions, the following agreement was entered into:

"This agreement is drawn up to cover a transaction, as stated in the forthcoming paragraphs, between Ivor T. Wedin and Paul Myers being partners of equal interest in the I. T. Wedin & Co. engineering service and between Victor E. Swanson and Stanley Swanson being mutual investors in said I. T. Wedin & Co.

"In consideration of an investment by Victor E. Swanson and Stanley Swanson in the I. T. Wedin & Co. of $1,000, it is agreed that said sum is to be paid

back at an interest of six per cent. per annum from the earnings of the I. T. Wedin & Co., or by Ivor T. Wedin and Paul Myers, individually.

"It is also agreed upon that in further consideration of above investment, Stanley Swanson is to receive 10 per cent. of the profit earned by the I. T. Wedin & Co. as long as he remain an active employee of the company, said employment to be terminated by Stanley Swanson himself.

"It is also agreed upon that Victor E. Swanson is authorized to promote business for the I. T. Wedin & Co. at his own discretion and at a compensation of ten per cent. of volume created by his effort."

Following the execution of the above agreement, each of the Swansons gave a check for the sum of $500 payable to the I. T. Wedin Company. Immediately after the execution of the agreement, Stanley Swanson gave up his work at Pontiac Motor Car Company and reported for work at the I. T. Wedin Company's place of business. There was no drafting work to do for the first 30 days, but Stanley Swanson did some soliciting of business during this period. The other parties also attempted to get business for the firm, but were not very successful and as a result there was little work for any of the parties to do. During the month of July or August, 1938, Paul Myers took a job with the Paramount Engineering Company. In August, 1938, Stanley Swanson took a job with the Chandler-Evans Corporation with the knowledge and consent of Mr. Wedin. In September, 1938, the Chandler-Evans Corporation sent some work to the Wedin Company. Plaintiff, Stanley Swanson, remained with the Chandler-Evans Corporation until the fall of 1939, when he went to work for the Holley Carburetor Company.

In January, 1939, Victor Swanson informed defendant Wedin that he wanted to get his money out of the copartnership and a 30-day note signed by

Wedin and Myers was given in the amount of
$595.98. In April, 1939, the copartnership was dis-
solved and defendant Wedin assumed all obligations
of the partnership. On September 5, 1939, defend-
ant paid plaintiff $250, but no statement was given
as to what this payment was for.

In January, 1940, plaintiff began working for I. T.
Wedin Company as a draftsman at a salary of $110
per week, which was the current rate paid to drafts-
men and drafting designers. In December, 1941,
plaintiff was also paid an employee's Christmas
bonus of $220.

In October, 1940, plaintiff asked for and received
$50 to apply on his investment. In November, 1940,
he was paid another $50; and on December 5, 1940,
he was paid $400 which paid up the remainder of his
investment.

In April, 1942, plaintiff left the employ of I. T.
Wedin Company and filed the instant bill of com-
plaint in August, 1942. In his bill of complaint,
plaintiff alleges that defendant failed, neglected and
refused to give an accounting of his profits or to
give him 10 per cent. thereof as is provided in the
agreement. The relief sought is for such account-
ing and a lien upon the assets of the I. T. Wedin
Company as security for the payment of the
amounts found to be due. Defendant filed an an-
swer in which he admits entering into the agreement,
but denies that plaintiff is entitled to an accounting.
The trial court, after a hearing, dismissed plaintiff's
bill of complaint on the theory that the loan had been
repaid.

We are not in accord with the conclusions reached
by the trial court. The agreement was entered into
on March 3, 1938. It provided that the loan was to
be repaid out of the earnings of the copartnership
or by the copartners. It also provided that Stanley

Swanson "is to receive ten per cent. of the profit earned by the I. T. Wedin & Co. as long as he remain an active employee of the company." It is undisputed that plaintiff was in the employ of defendant company from January, 1940, to April, 1942, at a salary of $110 per week; and that during this time the I. T. Wedin Company was operating profitably. The trial court was under the impression that the repayment of the loan and the hiring of plaintiff at a stated weekly salary cancelled the agreement. We have examined the record carefully and failed to find where plaintiff and defendant ever agreed to any modification of the agreement. There was no understanding that the repayment of the loan or the employment of plaintiff at a stated salary terminated the written agreement. Plaintiff is therefore entitled to 10 per cent. of the profits of I. T. Wedin Company while he was an active employee of the company.

The decree of the trial court is reversed; and the cause remanded for an accounting in accordance with the written agreement. Plaintiff may recover costs.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.