SWANSON *v.* OAKLAND CIRCUIT JUDGE.

1. MANDAMUS—LEAVE TO APPEAL.
    Leave to appeal is not required in original mandamus actions in the Supreme Court (Court Rule No. 60 [1945]).

2. SAME—APPEAL IN NATURE OF MANDAMUS—LEAVE TO APPEAL—COURT RULES.
    Court rule requiring leave to appeal in mandamus actions applies only where appeal is sought in the nature of mandamus and not an original mandamus action in the Supreme Court (Court Rule No. 60 [1945]).

3. SAME—QUESTIONS REVIEWABLE—ASSIGNMENT OF CAUSE OF ACTION.
    Whether or not plaintiff's purported assignee in suit in equity is entitled to a part of the fruits, if any, of the accounting therein sought is not a question before Supreme Court in an original mandamus proceeding by plaintiff to compel circuit judge to set aside order granting motion of defendant therein for a rehearing.

4. JUDGMENT—RES JUDICATA.
    When a case has once been considered and disposed of by the courts before which it may lawfully be brought, it is disposed of for all time, and the conclusion cannot be attacked in any new proceeding.

5. APPEAL AND ERROR—DISCRETION OF COURT TO REVIEW OWN ACTION—REMAND.
    A court rendering a conclusive judgment may have a discretionary authority to review and advise its own action, but if that

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 35 Am. Jur., Mandamus, § 394.
[4] 30 Am. Jur., Judgments, § 172.
[5] Power of appellate court to reconsider its decision after mandate has issued.  84 A.L.R. 579.
[5–7] 3 Am. Jur., Appeal and Error, § 1237.
[8] 35 Am. Jur., Mandamus, § 393.

court shall have taken the case on appeal, and shall have remanded it after judgment, the court below can have no similar authority.

**6.** Same—Remand—Discretion of Lower Court.

Upon remand of a case to an inferior court from a reviewing court all the discretion which the inferior court can have must concern the execution of the judgment or decree which has been sent down to it.

**7.** Same—Accounting—Remand—Rehearing.

Upon remand of an accounting case from the Supreme Court to trial court the latter is without authority to grant a rehearing, hence order granting a motion for such purpose was an abuse of authority and void.

**8.** Mandamus—Costs—Abuse of Authority by Circuit Judge.

No costs are allowed in mandamus proceeding to compel circuit judge to vacate a void order he made in abuse of his authority upon remand of suit from Supreme Court.

Mandamus by Stanley Swanson against Frank L. Doty, Oakland Circuit Judge, to compel the setting aside of an order granting a rehearing and to compel setting date for accounting. Submitted May 25, 1948. (Calendar No. 44,030.) Writ granted June 29, 1948.

*Charles Rubiner,* for plaintiff.

*Leonard V. Pylkas,* for defendant.

Sharpe, J. Plaintiff petitions this Court for a writ of mandamus to compel defendant as circuit judge to set aside an order entered by him reopening the case of Stanley Swanson v. Ivor T. Wedin, individually and doing business as I. T. Wedin Company, for the purpose of enabling defendant therein to introduce testimony of his defenses to plaintiff's claim.

The proceedings which led to the petition for mandamus are as follows. In 1942, Stanley Swanson brought suit against I. T. Wedin Company in the

circuit court of Oakland county for an accounting. Issue was joined and the cause heard in March, 1943, resulting in a dismissal of plaintiff's bill of complaint. An appeal was taken to the Supreme Court and the decree of the circuit court was reversed and the cause was remanded for an accounting in accordance with a certain agreement upon which the suit was based. (See *Swanson* v. *Wedin*, 308 Mich. 494.)

About April 20, 1944, Wedin filed an application in the Supreme Court for a rehearing, or, in the alternative, to remand the cause to the trial court for further testimony. At the same time, he filed in the circuit court a motion for rehearing or, in the alternative, to reopen the case to enable him to complete his defense. Defendant Wedin's application to the Supreme Court was denied, the order containing the following: "It is further ordered that the petition to take further testimony in the lower court be and the same is hereby denied." At a later date Wedin filed another and like petition in the Supreme Court. This petition was also denied.

On April 8, 1947, plaintiff filed a motion in the circuit court of Oakland county for an order setting a date for an accounting by the court, or, in the alternative, to refer the matter to a circuit court commissioner. Wedin then noticed for hearing his motion for rehearing filed in the circuit court on April 20, 1944. Both motions were argued before Judge Doty, defendant herein, on June 9, 1947. On December 22, 1947, the court granted the Wedin motion, but reserved disposition of plaintiff's motion to set a day certain for an accounting.

Plaintiff now petitions this Court for a writ of mandamus to compel defendant, Judge Doty, to set aside this order and to enter an order setting a date for an accounting. Defendant Wedin filed a motion to dismiss plaintiff's petition for a writ of mandamus,

or, in the alternative, to reconsider Wedin's previous application to remand the cause with leave to him to put in further testimony. This motion is based upon the following grounds:

"1.   Because said plaintiff has failed to comply with the provisions of Court Rule No. 60, which, amongst other things, requires that leave to appeal must be applied for and obtained in mandamus proceedings 'within the time limited for perfecting an appeal as of right' and that said application for leave to appeal, with a concise statement of the proceedings and facts, et cetera, must be served 'on all other parties, whether joint or adverse, with notice of prompt settlement of the statement before the trial judge.'

"2.   Because the procedure of said plaintiff if permitted herein, would constitute a deprivation of the rights and properties of said Ivor T. Wedin, defendant, contrary to and in violation of the provisions of the Constitution of the United States and the Constitution of the State of Michigan as follows:

"(a)   Article 6 (2); articles 5 and 14, § 1 of Amendments of the Constitution of the United States;

"(b)   Article 2, §§ 9, 13 and 16, of the Constitution of the State of Michigan of 1908."

We issued an order to show cause. Defendant Doty filed an answer in which he alleges that the original decree dismissing plaintiff's bill of complaint was based entirely on the testimony of plaintiff and his witnesses without any proofs having been offered in behalf of defendant; and that the reason for his refusal to set a date for an accounting is that plaintiff had assigned, sold and disposed of all his interest and claim against defendant Wedin and was no longer the real party in interest.

It appears that defendant Doty's allegation that plaintiff was not the real party in interest is based

upon a decree of divorce made a part of this record by the following stipulation:

"It is hereby stipulated and agreed by and between the parties to the above entitled cause by their respective counsel that the following is a true excerpt from a certain final decree of divorce entered in the circuit court for the county of Wayne, in chancery, on the 31st day of May, 1944, in cause No. 343,517, wherein Stanley V. Swanson is plaintiff and Clara A. Swanson is defendant, and that said excerpt reads in words and figures as follows:

" '(b)   One-half of the net amount to be recovered, if any, from plaintiff's claim against Ivor T. Wedin, individually and doing business as I. T. Wedin Co., in which an action is now pending in the circuit court for the county of Oakland, case No. 23028, and appealed to the Supreme Court of the State of Michigan, and reported as *Swanson* v. *Wedin,* in 308 Mich. 494, is hereby awarded to the defendant, Clara A. Swanson, and the said plaintiff is hereby ordered to forthwith execute and deliver to defendant a good and sufficient assignment thereof and that upon his failure so to do he stand charged as trustee in favor of the defendant to the extent of 50 per cent. of his net recovery in said cause; provided, however, that it be and is hereby recognized and determined that Cashan P. Head, attorney for the plaintiff in said cause of Swanson v. Wedin, has a 50 per cent. interest in any recovery in said cause and a lien upon any said recovery to secure its payment.' "

In support of his motion to dismiss plaintiff's petition for a writ of mandamus, defendant urges that plaintiff has failed to comply with Court Rule No. 60 (1933), which provides that in mandamus actions, special leave to appeal is required. We are not in accord with defendant's contention that leave to appeal is required.

In *Commissioner of Insurance* v. *Lapeer Circuit Judge,* 302 Mich. 614, plaintiff in a chancery suit pe-

titioned for a writ of mandamus commanding the circuit judge to vacate an order transferring the cause from the chancery to the law side of the court. We there said:

"Under our present rules there are optional methods of review in the case at bar. It may be done by original writ of mandamus or appeal in the nature of mandamus. In the instant case, plaintiff sought an original writ from this Court. Authority for the issuance of such a writ is found in Const. 1908, art. 7, § 4, and 3 Comp. Laws 1929, § 13535 (Stat. Ann. § 27.29). Court Rule No. 60 (1933) has no application to a writ issued by virtue of our original jurisdiction, but applies only when there is an appeal in the nature of mandamus."

In the case at bar, plaintiff seeks an original writ of mandamus in the Supreme Court. Court Rule No. 60 (1945) has no application.

It is also urged by defendant that plaintiff is not the real party in interest and therefore his petition for a writ of mandamus should be dismissed.

It appears that plaintiff and his wife were divorced May 31, 1944, at which time there was entered the decree hereinbefore mentioned containing an alleged assignment relative to the claim of plaintiff against Wedin. No mention is made of the claim that plaintiff is not the real party in interest in defendant's motion to dismiss the petition for mandamus. Nor was any mention made of such grounds in the order of the trial court dated December 22, 1947, in which a reopening of the cause was permitted. The claim first comes to light in the answer of defendant Doty to the order to show cause wherein it is alleged by the trial court only as a reason for his having granted the order of December 22, 1947.

Whether plaintiff is the real party in interest is not an issue in these proceedings as it is not raised

or relied upon as a defense here. Whether plaintiff's purported assignee is entitled to a part of the fruits, if any, of the accounting is not a question before us in this mandamus proceedings.

The principal issue in this cause relates to the legality of the order of the trial court reopening the case for the admission of testimony by defendant Wedin.

The record in the former case shows that when this case was tried in the circuit court, defendant Wedin was called by plaintiff for cross-examination and at the close of plaintiff's case, defendant's counsel made a motion to dismiss plaintiff's bill of complaint for the reason that the contract provides that plaintiff is to receive 10 per cent. of the profits as long as he remains an active employee of the company; that plaintiff terminated the contract by voluntarily ceasing employment with defendant company; and for the further reason that the agreement was modified and cancelled by plaintiff accepting certain moneys from defendant. The record also shows that after Wedin's attorney made the motion to dismiss the cause, a witness was sworn in behalf of defendant and gave evidence in the cause.

Contrary to statements made in defendant's brief, the trial court did not dismiss plaintiff's bill of complaint on his own initiative. The dismissal of the bill of complaint was after defendant's counsel made the motion for dismissal hereinbefore referred to and after defendant Wedin had a witness sworn in his behalf. The order of the trial court of December 22, 1947, in effect amounted to granting a rehearing on the merits of the case.

In *People, ex rel. Lyon,* v. *Ingham Circuit Judge,* 37 Mich. 377, plaintiff obtained a decree of foreclosure, which, on appeal, was affirmed by the Supreme Court and remanded for an execution of the decree. The trial court on application of defendant reopened

the cause for further hearing on the merits. Plaintiff applied for a writ of mandamus to require the trial court to set aside the order. In issuing the writ of mandamus we said:

"The policy of the law is that when a case has once been considered and disposed of by the courts before which it may lawfully be brought, it is disposed of for all time, and the conclusion cannot be attacked in any new proceeding except upon certain equitable grounds which are foreign to the present discussion. The court rendering the conclusive judgment may have a discretionary authority to review and revise its own action, but if that court shall have taken the case on appeal, and shall have remanded it after judgment, the court below can have no similar authority, because if it could and should exercise it, it would really be reviewing and revising the action of its superior; which would be absurd. All the discretion which the inferior court can have must concern the execution of the judgment or decree which has been sent down to it; if no directions have been given as to these it would have the ordinary powers in respect to it, as it would have had if it had been entered by itself."

See, also, *Thompson* v. *Hurson,* 206 Mich. 139.

When the cause was remanded to the trial court for an accounting, the trial court was without authority to grant a rehearing, hence the order of December 22, 1947, entered by the trial court was an abuse of authority and void. A writ of mandamus will issue, if necessary, but without costs.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.